UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PATRICK FITZGERALD ESTER,                    Civil No. 05-0049 (PJS/JSM)

    Plaintiff,

v.                                           ORDER ADOPTING
                                             REPORT AND RECOMMENDATION

AGENT DANIEL PAUL FAFLAK, JR., and
DETECTIVE DAVID SEBESTA,

    Defendants.

---

Patrick Fitzgerald Ester, Oxford, WI 53952, *pro se*.

Lonnie F. Bryan, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendants.

Plaintiff Patrick Fitzgerald Ester sued defendants Daniel Faflak, a supervisory special agent for the Department of Homeland Security, and David Sebesta, a detective with the Bloomington Police Department, alleging that they violated his rights under the Fourth, Fifth, and Fourteenth Amendments in connection with an investigation that ultimately led to Ester's indictment and arrest. In a Report and Recommendation ("R&R") dated August 8, 2006, Magistrate Judge Janie S. Mayeron recommends granting defendants' motion to dismiss or for summary judgment.[1] This matter is before the Court on Ester's objections to the R&R. The

---

[1] The R&R addresses several other motions, including Ester's motion to amend or correct his amended complaint. Neither side has objected to Judge Mayeron's recommended disposition of these motions, and the Court will therefore adopt it.

Court has reviewed the record de novo, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). For the reasons set forth below, the Court adopts the R&R in its entirety.

In his proposed second amended complaint, Ester alleges that Faflak and Sebesta fabricated evidence that Ester was involved in a drug sale in order to coerce Ester into providing information about a murder. A grand jury indicted Ester on the drug charge, and Ester spent approximately five months in jail awaiting trial. At trial, the government moved to dismiss the indictment against Ester, and Judge Michael J. Davis granted the motion. Ester, who is in prison on an unrelated drug conviction, brought this suit against Faflak and Sebesta under 42 U.S.C. §§ 1983 and 1985(3) and under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

According to the defendants' declarations, on October 4, 1999, Faflak brought an informant named Selwyn Hall to Minneapolis's Fifth Precinct station house, where Sebesta searched him and provided him with an audio transmitting device. Faflak then drove Hall to Champion's bar, where a car matching the description of Ester's car was parked. Sebesta monitored the audio transmissions from the bar, but was not able to hear anything of substance due to distance and background noise. Hall emerged from the bar after about ten minutes and gave Faflak a small amount of crack cocaine, which he claimed to have purchased from Ester. Ester was later seen leaving the bar. Faflak later testified in front of a grand jury about these events, and the grand jury indicted Ester. Faflak and Sebesta arrested Ester on February 17, 2000.

Judge Mayeron recommends that Ester's entire suit be dismissed under Fed. R. Civ. P. 12(b)(6) and 56(c). Ester raises two objections to this recommendation:

First, Ester objects to Judge Mayeron's conclusion that his § 1985(3) claim should be dismissed because he failed to plead a conspiracy with sufficient particularity.  Ester does not, however, address Judge Mayeron's conclusion that he also failed to allege that Faflak and Sebesta acted with the class-based discriminatory animus necessary to state a claim under § 1985(3).  *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (en banc).  Indeed, Ester's pleadings and arguments rest on a very different premise — namely, that Faflak and Sebesta were motivated not by class-based animus, but by their desire to coerce Ester into providing information about a murder.  The Court will therefore adopt Judge Mayeron's recommendation with respect to Ester's § 1985(3) claim.

Second, Ester objects to Judge Mayeron's conclusion that Faflak and Sebesta are shielded by qualified immunity from Ester's Fourth Amendment claim.  In his pleadings, Ester alleges that his arrest was not supported by probable cause because Faflak and Sebesta fabricated the evidence of the controlled buy.  But Ester does not dispute the essential facts as set forth above.  Instead, he contends that, despite those facts, no reasonable law enforcement officer would have believed that there was probable cause to arrest him due to a number of other circumstances.  For example, Faflak contends that Hall had lied to law enforcement officials previously, that Hall himself was suspected in connection with the murder, that Faflak and Sebesta failed to properly search Hall both before and after the controlled buy, that Faflak and Sebesta failed to record the audio transmission of the controlled buy, and that Faflak and Ester knew that the recording device would not be effective in the crowded and noisy bar but used it anyway to lend the controlled buy an illusion of reliability.

Judge Mayeron exhaustively considered each of these circumstances and concluded that none of them provided evidence that Faflak and Sebesta violated clearly established statutory or constitutional rights of which a reasonable person would have known.  *See Winters v. Adams*, 254 F.3d 758, 766 (8th Cir. 2001) (describing qualified immunity standard).  Ester argues that the Magistrate failed to consider Faflak's and Sebesta's subjective intent.  The standard for qualified immunity is an objective one, however.  *See id*.  The Court therefore adopts Judge Mayeron's recommendation with respect to Ester's Fourth Amendment claim.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R of Judge Mayeron [Docket No. 55], with paragraph 3 modified to reflect docket entry no. 45.  IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss or for summary judgment [Docket No. 39] is GRANTED in part and DENIED in part as follows:

    a.    Defendants' motion to dismiss is GRANTED as to plaintiff's claims of malicious prosecution and violations of the Fifth and Fourteenth Amendments and as to plaintiff's claims under 42 U.S.C. §§ 1983 and 1985.

    b.    Defendants' motion to dismiss is DENIED as to plaintiff's Fourth Amendment claim under *Bivens*.

    c.    Defendants' motion for summary judgment is GRANTED as to plaintiff's Fourth Amendment claim under *Bivens*.

    d.    In light of paragraphs 1(a) and 1(c), plaintiff's suit against defendants is DISMISSED WITH PREJUDICE AND ON THE MERITS.

    2. Plaintiff's motion to amend/correct amended complaint [Docket No. 44] is GRANTED in part and DENIED in part as follows:

    a.    Plaintiff's request to expand his claims for malicious prosecution and for violations of the Fifth and Fourteenth Amendments and his claims under 42 U.S.C. §§ 1983 and 1985 is DENIED on the ground that it is futile.

    b.    Plaintiff's request to expand his Fourth Amendment claim as described in his proposed second amended complaint is GRANTED.

    3. Plaintiff's motion to stay motion to dismiss or for summary judgment [Docket No. 45] is DENIED.

    4. Plaintiff's motion requesting denial of defendants' motion to dismiss or for summary judgment [Docket No. 47] is DENIED.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 18, 2006

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge